IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | | |
|---|---|---|---|
| KEVIN LEE CARNETT, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No: | 14-01309-JDT-egb |
| | ) | | |
| WBBJ-TV, a division of Bahkel Communications, | ) | | |
| Sheriff BLAIR WEAVER, personally and in his | ) | | |
| Official capacity as acting Sheriff of CHESTER | ) | | |
| COUNTY, TN, JODY PICKENS, personally AND | ) | | |
| Acting in his official capacity as assistant district | ) | | |
| attorney general of the COUNTY of CHESTER, in | ) | | |
| the STATE OF TENNESSEE, CHESTER | ) | | |
| COUNTY SHERIFF'S DEPARTMENT AND | ) | | |
| CHESTER COUTY JAIL, STATE OF | ) | | |
| TENNESSEE, David Lee Woolfork, Jeff Fitzgerald | ) | | |
| both personally and in their official capacity as | ) | | |
| employees of Madison County Sheriff's | ) | | |
| Department in Madison County, TN, CHESTER | ) | | |
| COUNTY, TENNESSEE, MADISON COUNTY | ) | | |
| TENNESSEE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**REPORT AND RECOMMENDATION**

Before this Magistrate Judge is the *pro se* Plaintiff's motion to amend his complaint [D.E. 30]. A number of the Defendants designating themselves as "Responding Defendants" oppose the motion [D.E. 32].

Federal Rule of Civil Procedure 15 (a)(1)(B) permits a 21-day window for the Plaintiff to amend his complaint, following a Rule 12 pleading being filed by a Defendant — such as occurred here when Defendant Chester County and others filed a Rule 12 motion to dismiss for failure to state a claim, on December 4, 2014 [D.E.12]. As such, the Plaintiff was permitted 21 days from December 4, 2014 to amend his complaint. Here, the 21 days ended on Christmas

Day. The Courthouse was closed that day and also the following three days — Friday, Saturday and Sunday. It was open Monday, December 29, 2014.

A *pro se* Plaintiff does not have access to the ECF system except through the public access available at the Courthouse and otherwise the Plaintiff receives pleadings through the mail. Given that he the motion to amend was filed on January 12, 2015 — following New Year's Day holiday and another weekend — the Court determines from the combination of these factors, and consistent with Rule 15(a)(2), justice so requires that this motion to amend should be considered on the merits as timely filed.

As noted, "Responding Defendants" have filed objection to this amendment effort by Plaintiff. While Plaintiff originally filed a 36-page complaint, his amended effort has been expanded 70 pages and now attempts to add as a new Defendant, Chester County Chief Deputy Mark Griffin, to which they also object.

This effort to add Griffin raises the issue that a suit against him now is time barred. Applicable here is a one-year statute of limitations.[1]

While the original lawsuit was timely filed, it did not include Griffin as a named Defendant even though Griffin was a deputy Plaintiff knew by name. Plaintiff did made reference to him in the original lawsuit.

This amended complaint, filed January 12, 2015, asserts claims from events that occurred on November 20, 2013. At this point, it appears that Plaintiff's claim against Griffin is time

---

[1] Because there is no applicable "statute of limitations governing § 1983 actions, 'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." Wolfe v. Perry, 412 F3d 707, 713-14 (6th Cir. 2005) (quoting Banks v. City of Whitehall, 344 F.d 3d 5550, 553 (6th Cir. 2003). Tennessee Code Annotated § 28-3-104(a) sets forth a one year statute of limitations period for § 1983 actions in Tennessee. Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005);Hughes v. Vanderbilt Univ, 215 F.3d 543, 547 (6th Cir. 2000).

barred as he was not sued until this amended complaint was filed more than one year after the November 20, 2013 date.

However, the Court must consider the issue of whether this amendment relates back to the original complaint, pursuant to Rule 15 (c )(1)(C). If so, it would allow Plaintiff to amend and add Griffin as a Defendant. For this to be permitted, the Court will have determine that Griffin would not be prejudiced in defending this case on the merits and that Griffin knew or should have known that the lawsuit would have been brought against him, but for a mistake concerning the proper party's identity.

While it is not clear as to the extent of this prejudice to Griffin, if brought into this suit now, he would be almost two months later than the other Defendants, and with more than thirty docket entries on record. However, as to the second prong of this identity issue of Rule 15, the Court is fully satisfied that Plaintiff knew Griffin by name and that Griffin was the Chief Deputy Sheriff in Chester County and had had official contact with him before. In the original lawsuit, the Plaintiff even makes reference to Griffin by name, so it goes without serious challenge that Plaintiff was acquainted with Griffin sufficiently to mention him, but not as a Defendant. Certainly Plaintiff had the opportunity to bring suit against him then, had he so desired. In the present effort to amend his lawsuit—heretofore granted — Plaintiff cannot argue that he would have sued Griffin his first suit but for a mistake concerning Griffin's identity. Thus, the Plaintiff's amended complaint is time barred as to Mark Griffin.

Based upon the above, it is recommended that the District Court grant the motion to amend [D.E. 30]; however it is also recommended that the District Court *sua sponte* dismiss

Mark Griffin from this amended complaint since the claims against him are made outside the applicable statute of limitations.

Respectfully Submitted, this 2nd day of March, 2015.

<u>**s/Edward G. Bryant**</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**