IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KEVIN LEE CARNETT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) No. 14-1309-JDT/egb |
| | ) |
| WBBJ-TN, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER

Plaintiff Kevin Carnett has filed a motion for a temporary restraining order to prohibit Defendants Chester County Sheriff Blair Weaver, Chester County Sheriff's Department, and the State of Tennessee from investigating, prosecuting, or bringing charges against his son Colton Carnett until the pending action has been resolved [DE# 56]. Defendants have responded to the motion. The motion is DENIED.

Although Plaintiff purports to bring this motion on behalf of himself and his son, Colton Carnett is not a party to the present action. It is well-established that, with few exceptions, a party does not have standing to vindicate a third party's constitutional rights. See Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs, 641 F.3d 197, 208 (6th Cir.2011) (citing Barrows v. Jackson, 346 U.S. 249, 255 (1953)). "[I]t is a basic principle that an action under 42 U.S.C. § 1983 inures only to the benefit of one whose own personal constitutional rights were violated." Brown v. City of Louisville, 33 F.3d 54, at * 2 (6th Cir. Aug. 23, 1994)

(unreported table decision) (citations omitted); Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir.2000) ("In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort.") (citations omitted). As such, a party generally lacks standing to sue for the deprivation of another's constitutional rights. Quarles v. City of East Cleveland, 202 F.3d 269, at *2 (6th Cir. Dec.20, 1999) (unreported table decision); Hall v. Wooten, 506 F.2d 564, 566 (6th Cir.1974) ("one may not sue for the deprivation of another's civil rights") (citation omitted).

Moreover, granting Plaintiff's motion would be contrary to the Younger v. Harris doctrine. The Younger Abstention Doctrine requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state court proceedings. O'Neill v. Coughlan, 511, F.3d 638, 643 (6th Cir. 2008); Younger v. Harris, 401 U.S. 37 (1971). In Younger, Harris was indicted for violating a California criminal statute and sued in federal district court to enjoin the district attorney from prosecuting him, contending that the California law was unconstitutional on its face and prevented him from exercising his right to free speech. The lower court enjoined Harris's prosecution on the grounds that the California law was void for vagueness and overbroad. But the Supreme Court reversed, holding that federal courts should not enjoin pending state criminal prosecutions unless "the danger of irreparable loss is both great and immediate." Younger, 401 U.S. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243–44 (1926)). A "federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." Younger, 401 U.S. at 56 (Stewart, J.

and Harlan, J., concurring). Those "exceptional and extremely limited circumstances" are not present in this case.

For these reasons, the court declines to grant Plaintiff's motion for a temporary restraining order, and the motion is DENIED.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE